UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| STEVEN COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-04096-SLD-JEH |
| | ) | |
| CITY OF GALESBURG, JAKE | ) | |
| MEDHURST, ALLISON BUCCALO, | ) | |
| JARED TAPSCOTT, and JACOB | ) | |
| THOMPSON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Jake Medhurst, Allison Buccalo, Jared Tapscott, and

Jacob Thompson (the "Defendant Officers"), and the City of Galesburg's (the "City of

Galesburg" or the "City") (together with the Defendant Officers, "Defendants") joint motion to

dismiss Counts VI, VII, and VIII of Plaintiff Steven Coleman's Second Amended Complaint,

ECF No. 66.[1]  For the following reasons, the motion is GRANTED IN PART and DENIED IN

PART.

## BACKGROUND[2]

Plaintiff Steven Coleman is an African American resident of Galesburg, Illinois.  In 2005,

Plaintiff joined the Galesburg Police Department ("GPD"), but a police-academy training injury

left him working in the evidence room.  There, he witnessed a command staff officer removing

drugs with other officers' assistance.  Plaintiff asked what was happening but was told it was

---

[1] For clarity, the Court will refer to the operative complaint, ECF No. 64, as the Second Amended Complaint; the amended complaint that preceded it, ECF No. 48, as the First Amended Complaint; and Plaintiff's initial complaint, ECF No. 1, as the Original Complaint.

[2] At the motion to dismiss stage, the court "accept[s] as true all well-pleaded facts in the complaint, and draw[s] all reasonable inferences in [the plaintiff's] favor," *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016), so unless otherwise stated, the factual background here comes from the Second Amended Complaint.

none of his business; afterward, he began to document the officers' actions.  When state police

began to investigate the thefts, command staff officers blamed Plaintiff to cover their tracks.

Plaintiff showed the investigators his documentation of the officers' misconduct and was cleared

of wrongdoing.  Consequently, GPD officers retaliated against Plaintiff: He never finished

police-academy training and lost his job at GPD.

Plaintiff went on to open a bar in Galesburg inside a building he owned at 74 North

Chambers Street.  Plaintiff alleges that after he opened the bar in 2016, the GPD and Defendant

City of Galesburg singled him out for numerous unspecified ordinance violations between 2016

and 2018.  Because some of Plaintiff's citations were mailed to the wrong address, he was found

guilty of certain violations by default.  Other bars in Galesburg owned by white individuals were

not subjected to the same level of enforcement as Plaintiff's.  Although Plaintiff paid the fines

associated with the violations, he eventually quit battling the City, relinquished his liquor license,

and closed the bar sometime before June 2018.

On June 19, 2018[3], Plaintiff was playing pool with family and friends inside the

Chambers Street property when a physical confrontation ensued after Defendant Officers arrived

and inquired as to whether Plaintiff was serving alcohol.[4]  As a result, Plaintiff was arrested and

---

[3] Plaintiff identifies the date of this incident inconsistently in documents before the Court.  *Compare* Second Am. Compl. ¶ 41, *and* Opp'n Mot. Dismiss 4, ECF No. 68 (stating that the incident occurred June 19, 2018), *with* Second Am. Compl. ¶ 99, *and* Opp'n Mot. Dismiss 5 (stating it occurred June 19, 2019).  Judicial notice is appropriate to resolve any uncertainty.  *See Sharp v. Schorn*, Civil No. 06-221-DRH, 2007 WL 2198383, at *2 (S.D. Ill. July 31, 2007) (taking judicial notice of "of [the] [p]laintiff's other lawsuit, as referenced in his complaint"); *see also Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records" (quotation marks omitted)).  The criminal case against Plaintiff that arose from the incident was initiated June 19, 2018.  *See* Second Am. Compl. ¶ 73 (indicating Plaintiff's case was docketed in Knox County Circuit Court as 18-CF-332); Knox County, Ill., Judici.com, https://judici.com/courts/cases/case_search.jsp?court=IL048025J (enter "2018CF332" as the case search term and select the result) (last visited Jan. 19, 2022).  Thus, the correct date appears to be June 19, 2018.
[4] Magistrate Judge Jonathan E. Hawley detailed Plaintiff's complete allegations related to the January 19, 2018 incident in a previous order.  *See* Feb. 26, 2021 Order 1–3, ECF No. 47.

charged with felony aggravated battery of a police officer and resisting arrest.  On October 19, 2018, a *nolle prosequi* terminating the charges was entered in Knox County Circuit Court.

On February 20, 2019, Plaintiff's Chambers Street property was robbed; some of the Defendant Officers did not investigate the theft.  On at least one other occasion in 2019, Plaintiff reported a theft of his property that was not investigated by a Defendant Officer.

On May 8, 2019, Plaintiff filed the Original Complaint, bringing claims against Defendant Officers under 42 U.S.C. § 1983 for unreasonable seizure (against only Defendants Thompson and Tapscott), false arrest (against all Defendant Officers), excessive force (one count against all Defendant Officers and one count against Tapscott), and unreasonable search of property (against all Defendant Officers).  *See generally* Original Compl., ECF No. 1.  He also included three state law claims: malicious prosecution (against all Defendant Officers), *respondeat superior* (against Defendant City of Galesburg), and indemnification (against the City).  *See id.*  Then, in late 2020, Plaintiff obtained social-media discovery from Defendant Officers he believed evinced "a pattern of racial hostility" and moved for leave to file the First Amended Complaint, ECF No. 39-1, which added an equal protection claim against Defendant Officers.  Mot. Leave File 2, ECF No. 39.  Magistrate Judge Jonathan E. Hawley granted Plaintiff's motion, Feb. 26, 2021 Order 9, ECF No. 47; *see* also First Am. Compl., ECF No. 48, and Defendants objected, ECF No. 49.  The Court affirmed Judge Hawley's order but ordered Plaintiff to file another amended complaint providing a more definite statement of his equal protection claim pursuant to Federal Rule of Civil Procedure 12(e).  May 7, 2021 Order 1, 15–16, ECF No. 62.

On May 20, 2021, Plaintiff filed the Second Amended Complaint, dividing his equal protection claim into three separate counts: Count VI, based on the June 19, 2018 arrest; Count

VII, based on the uninvestigated thefts in 2019; and Count VIII, based on selective code enforcement at Plaintiff's bar between 2016 and 2018.  Second Am. Compl. ¶¶ 97–122, ECF No. 64.  In the instant motion, Defendants move to dismiss all three new counts, arguing two are untimely and two are insufficiently alleged.  Mot. Dismiss 2–5.

**DISCUSSION**

## I.     Legal Standard

A complaint must contain a "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A party may move to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To analyze the sufficiency of a complaint, courts "must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor."  *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014).  A court must "determine whether [the complaint's well-pleaded factual allegations] plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  These allegations must "raise a right to relief above the speculative level."  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation marks omitted).

## II.     Analysis

### a.  Failure to State a Claim

The Court begins with Defendants' argument that neither Count VII nor Count VIII state a claim against Defendant Officers because Plaintiff fails to allege their personal involvement in his mistreatment.  *See* Mem. Supp. Mot. Dismiss 3–4, ECF No. 67.  Defendants contend the Second Amended Complaint does not mention "any Defendant Officer being involved in, or refusing to be involved in, the investigation of the crimes for which Plaintiff alleges he was a

victim," or "any Defendant Officer being involved in . . . code enforcement with respect to Plaintiff's liquor license." *Id.* at 4. Plaintiff maintains his allegations give Defendants fair notice of his claims and plausibly suggest his right to relief. Opp'n Mot. Dismiss 6–7, ECF No. 68.

Count VII and Count VIII are equal protection claims on the basis of Plaintiff's protected-class membership. *See* Second Am. Compl. ¶¶ 108, 116 (alleging Plaintiff's treatment in each count "w[as] motivated by racial animus because Plaintiff was of African American descent"). To properly plead those claims, Plaintiff must allege "that 'defendants acted with a nefarious discriminatory purpose and discriminated against him based on his membership in a definable class.'" *See Word v. City of Chicago*, 946 F.3d 391, 396 (7th Cir. 2020) (quoting *Nabozny v. Podlesny*, 92 F.3d 446, 453 (7th Cir. 1996)). He also must adequately allege each defendant's personal involvement in his unconstitutional mistreatment. *See Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012) ("§ 1983 liability is premised on the wrongdoer's personal responsibility."); *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002) ("It is well-established that a plaintiff only may bring a § 1983 claim against those individuals personally responsible for the constitutional deprivation.").

The Court begins with Count VII. *See* Second Am. Compl. ¶¶ 106–13. Here, Plaintiff has adequately alleged Defendant Officers' discriminatory motivation in failing to investigate thefts at his bar. *See id.* ¶ 108 (alleging Defendant Officers' actions "were motivated by racial animus because Plaintiff was of African American descent"). However, his allegations regarding personal involvement are thin. He alleges Defendant Officers' "actions as alleged related to . . . [the failure to investigate the thefts] were motivated by racial animus," *id.*, but offers little indication as to what these alleged actions are and thus whether they are sufficiently "related" to constitute personal involvement in the discriminatory treatment of which Plaintiff complains.

5

*See Olympian Grp. LLC v. City of Markham*, No. 18-cv-04919, 2020 WL 5820024, at *8 (N.D. Ill. Sept. 30, 2020) (concluding the plaintiff's allegation that the defendants "embarked on a series of actions" was vague and conclusory because the complaint did not indicate what the "series of actions" entailed (quotation marks omitted)).

Plaintiff does allege that "some" of the Defendant Officers refused to investigate a February 2019 theft at his Chambers Street Property, Second Am. Compl. ¶ 32, and also appears to allege that an unspecified individual Defendant refused to investigate another theft sometime in 2019, *id.* ¶ 75. But as the Court previously noted, when allegations refer to various unspecified subsets of defendants, it becomes difficult to pin down which defendants are implicated in which allegations and whether certain defendants are ever implicated at all. *See* May 7, 2021 Order 13. Although it is not always impermissible to refer to defendants collectively in a pleading, it is particularly disfavored when that language creates "genuine uncertainty regarding who is responsible for what." *See Engel v. Buchan*, 710 F.3d 698, 710 (7th Cir. 2013); *see also Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A contention that 'the defendants looted the corporation'—without any details about who did what—is inadequate. Liability is personal. . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful."); *Griffin v. Bd. of Regents of Univ. of Wis. Sys.*, 818 F. App'x 558, 561 (7th Cir. 2020) ("Nearly all of [the plaintiff's] allegations are generally stated and do not connect individual defendants to particular actions.").

Plaintiff's allegations as to Defendant Officers' personal liability no doubt approximate those "so sketchy . . . that they fail to provide sufficient notice to [D]efendants of [his] claim." *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). More crucially, however, he has failed to allege an essential element of his equal protection claim: discrimination. *See Word*, 946 F.3d at

396.  The Second Amended Complaint never indicates Plaintiff was treated differently than anyone else reporting property crime in Galesburg, so Count VII must be dismissed.  *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 601 n.1 (7th Cir. 2009) ("[T]he district court properly dismissed [the plaintiff's equal protection claim] because [the plaintiff], among other things, failed to . . . allege that someone similarly situated was treated differently."); *Land v. Int'l Bus. Machs., Inc.*, 485 F. App'x 830, 833 (7th Cir. 2012) ("[The plaintiff's] equal-protection claim was also correctly dismissed because she failed to plead . . . she was treated differently from someone who was similarly situated.").

As for Count VIII, dismissal is appropriate because Plaintiff has failed to plead facts suggesting Defendant Officers' personal involvement.  Instead, he again broadly references Defendant Officers' "actions," indicating only that those actions are somehow "related" to the treatment of which he complains.  *See* Second Am. Compl. ¶ 116; *Olympian Grp. LLC*, 2020 WL 5820024, at *8.  But Plaintiff never alleges that Defendant Officers had a hand in enforcement at Plaintiff's bar.  *Cf.* Second Am. Compl. ¶ 119 (alleging that Defendant Officers, "[p]rior to, and after" the events in the Second Amended Complaint, targeted other minority-owned bars).  Rather, Plaintiff's allegations of unequal enforcement implicate the GPD (rather than specific officers) and the City of Galesburg as the bad actors, *see id.* ¶ 23 (alleging Plaintiff was "singled out by the City and the [GPD]"); *id.* ¶ 31 (alleging minority-owned bars "were signaled [sic] out by the City of Galesburg and the [GPD] . . . because of the patrons that these bars attracted"); *id.* ¶ 28 (alleging Plaintiff "gave up battling the City" when he closed his bar).  And the City of Galesburg is a defendant in this case.  *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding "it follows that" a particular named defendant is excluded when a plaintiff alleges other defendants' involvement but omits that named defendant).  No allegations

7

in the Second Amended Complaint suggest Defendant Officers' personal involvement in the events underlying Count VIII, so it is appropriately dismissed. *See Doyle*, 305 F.3d at 614–15.

### b. Timeliness

Defendants' remaining argument is that Count VI, the equal protection claim arising from Plaintiff's arrest, is untimely and does not relate back to the Original Complaint. *See* Mem. Supp. Mot. Dismiss 2–3. It is well-established that a two-year statute of limitations applies to that claim. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("[T]he statute of limitations [for § 1983 claims] . . . is that which the State provides for personal-injury torts."); *Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir. 1989) (observing the personal-injury statute of limitations in Illinois is two years); *see also* 735 ILCS § 5/13–202 (setting forth the statute of limitations). Accordingly, because Count VI arises from Plaintiff's June 19, 2018 arrest, his equal protection claim is untimely unless he can show it relates back to his Original Complaint, *see* Fed. R. Civ. P. 15(c)(1), or he can somehow evade the statute of limitations.

Plaintiff argues that the continuing violation doctrine applies because he "continues to suffer harm" as a result of Defendants' ongoing discriminatory conduct. *See* Opp'n Mot. Dismiss 4. This argument is unpersuasive because Count VI arises from Plaintiff's arrest on June 19, 2018, which is a discrete incident. *See Cole v. City of Chicago*, Case No. 21-CV-1640, 2022 WL 19332, at *5 (N.D. Ill. Jan. 3, 2022) ("Although [the] [p]laintiff insists that the continuing violation doctrine applies . . . because he continues to suffer harm . . . [, the] doctrine applies only to a continuing wrong . . . ; once the wrong ends, the claim accrues even if that wrong has caused a lingering injury." (quotation marks omitted)).

Nevertheless, "[d]ismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute

of limitations." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). "As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance . . . based on a more complete factual record." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Here, Plaintiff's motion to amend his Original Complaint argued he was not on notice that racial animus could have motivated his wrongful arrest until well into discovery. *See* Mot. Leave File 1–3. This argument alludes to circumstances that could implicate the discovery rule or equitable defenses. *See, e.g.*, *Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010). In any event, Defendants have not shown no conceivable factual scenario could save Plaintiff's claim, so the Court declines to dismiss Count VI for untimeliness at this juncture. *See Sidney Hillman Health Ctr.*, 782 F.3d at 928.

## III.    Leave to Amend

In his response, Plaintiff requests leave to amend his complaint to "incorporate . . . allegations of additional unconstitutional treatment and identify bad actors." *See* Opp'n Mot. Dismiss 3. He also "requests to seek leave" to file a third amended complaint adding a *Monell* claim against the City of Galesburg.[5] *Id*. at 7–9.

Plaintiff is permitted to file an amended complaint to the extent that his new allegations of unconstitutional treatment and identification of bad actors will correct the deficiencies that the Court identified in Counts VII and VIII. *See Abu-Shawish v. United States*, 898 F.3d 726, 738

---

[5] A local governing body may be held liable under 42 U.S.C. § 1983 "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 690 (1978).

(7th Cir. 2018).  But his *Monell* request is denied because it is improper.  Plaintiff admits his *Monell* claim would be new to this litigation, *see* Opp'n Mot. Dismiss 7–8, so whether to allow it raises a question of law necessitating its own motion and an accompanying memorandum in support, *see* Civil LR 7.1(B)(1).  And "[i]f filing a document requires leave of the court, the filing party must attach the proposed document as an exhibit to a motion to file."  *See id.* 7.1(F).

The Court need not address Plaintiff's argument on the merits, but briefly notes that Plaintiff attributes his desire to add a *Monell* claim to "further reflection and review" along with more recent incidents Plaintiff claims to have also violated his rights, *see* Opp'n Mot. Dismiss 7– 8.  In the twilight of discovery, Plaintiff would need to establish a compelling reason he could not have brought a *Monell* claim in the First or Second Amended Complaints.  *See Sturm v. City of Indianapolis*, No. 1:14-cv-00848-RLY-TAB, 2015 WL 13802299, at *1 (S.D. Ind. Sept. 21, 2015) (denying the plaintiff leave to amend his complaint to add a *Monell* claim when he could have alleged that claim in a prior amended complaint).  But Plaintiff's argument implies the opposite: He suggests the basis of his *Monell* claim is the alleged "City wide animus" against him personally, *see* Opp'n Mot. Dismiss 8, but elsewhere has indicated he believed that animus existed well before this case was filed, *see* Mot. Leave File 2; Opp'n Obj. Leave File 5–6, ECF No. 52 ("Plaintiff's initial conclusion was that because of his cooperation with the Illinois State Police investigation of the [GPD] from 2005-2006, he received disparate treatment in this incident many years later.").

## CONCLUSION

Accordingly, Defendants' joint partial motion to dismiss, ECF No. 66, is GRANTED with respect to Count VII and Count VIII and DENIED with respect to Count VI.  Plaintiff has

leave to file an amended complaint as outlined above, which is due on or before February 10,

2022.

      Entered this 27th day of January, 2022.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
